UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:19-CV-00058-HBB

NATASHA NICOLE GOWER                                                                         PLAINTIFF

VS.

ANDREW SAUL, COMMISSIONER
SOCIAL SECURITY ADMINISTRATION[1]                                                DEFENDANT

## MEMORANDUM OPINION AND ORDER

### BACKGROUND

Before the Court is the complaint (DN 1) of Natasha Nicole Gower ("Plaintiff") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). Both the Plaintiff (DN 16) and Defendant (DN 21) have filed a Fact and Law Summary. For the reasons that follow, the final decision of the Commissioner is **AFFIRMED,** and judgment is **GRANTED** for the Commissioner.

Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 12). By Order entered August

---

[1] Andrew Saul is now the Commissioner of Social Security and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d). *See also* Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g) (action survives regardless of any change in the person occupying the office of Commissioner of Social Security).

8, 2019 (DN 12), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted. No such request was filed.

FINDINGS OF FACT

Plaintiff protectively filed an application for Disability Insurance Benefits on December 22, 2017 (Tr. 11, 479-80). Plaintiff alleged that she became disabled on May 28, 2017, as a result of posttraumatic stress disorder (PTSD), depression, anxiety, back injury, and arthritis (Tr. 11, 495). Administrative Law Judge Michael S. Worrall ("ALJ") conducted a hearing on November 30, 2018, in Evansville Indiana (Tr. 11, 334-37). Plaintiff was present and represented by attorney Thomas Springer (Id.). Lanell R. Hall, an impartial vocational expert, also testified during the hearing (Id.).

In a decision dated December 20, 2018, the ALJ evaluated this adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commissioner (Tr. 11-22).[2] At the first step, the ALJ found Plaintiff has not engaged in substantial gainful activity since May 28, 2017, the alleged onset date (Tr. 13). At the second step, the ALJ determined that Plaintiff has the following severe impairments: PTSD and major depressive disorder (Id.). The ALJ also determined that Plaintiff's lumbar spine degenerative disc disease is a non-severe impairment because it had not required surgical intervention and appeared to be controlled with conservative treatment measures (Id.). At the third step, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1 (Id.).

---

2 the ALJ determined that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2022 (Tr. 13).

2

At the fourth step, the ALJ found Plaintiff has the residual functional capacity to perform work at all exertional levels but with the following non-exertional limitations: she can perform the basic mental demands of unskilled work; on a sustained basis, she can understand, remember and carry out simple instructions; she can occasionally interact with supervisors, coworkers, or the public; and she can deal with changes in a routine work setting (Tr. 15). Relying on testimony from the vocational expert, the ALJ found that Plaintiff is unable to perform any of her past relevant work (Tr. 20).

The ALJ proceeded to the fifth step where he considered Plaintiff's residual functional capacity, age, education, and past work experience as well as testimony from the vocational expert (Tr. 20-21). The ALJ found that Plaintiff can perform a significant number of jobs that exist in the national economy (Tr. 21). Therefore, the ALJ concluded that Plaintiff has not been under a "disability," as defined in the Social Security Act, from May 28, 2017, through the date of the decision (Id.).

Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision (Tr. 472-78). The Appeals Council denied Plaintiff's request for review (Tr. 1-5).

## CONCLUSIONS OF LAW

### Standard of Review

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. § 405(g); Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Sec'y of Health & Human Servs., 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. Landsaw v. Sec'y of Health & Human Servs., 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence exists when

a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Cotton, 2 F.3d at 695 (quoting Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1233 (6th Cir. 1993)). In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." Cohen v. Sec'y of Health & Human Servs., 964 F.2d 524, 528 (6th Cir. 1992) (quoting Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984)).

As previously mentioned, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-5). At that point, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); *see* 42 U.S.C. § 405(h) (finality of the Commissioner's decision). Thus, the Court will be reviewing the decision of the ALJ, not the Appeals Council, and the evidence that was in the administrative record when the ALJ rendered the decision. 42 U.S.C. § 405(g); 20 C.F.R. § 404.981; Cline v. Comm'r of Soc. Sec., 96 F.3d 146, 148 (6th Cir. 1996); Cotton v. Sullivan, 2 F.3d 692, 695-696 (6th Cir. 1993).

The Commissioner's Sequential Evaluation Process

The Social Security Act authorizes payment of Disability Insurance Benefits and Supplemental Security Income to persons with disabilities. 42 U.S.C. §§ 401 et seq. (Title II Disability Insurance Benefits), 1381 et seq. (Title XVI Supplemental Security Income). The term "disability" is defined as an

> [I]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months.

4

42 U.S.C. §§ 423(d)(1)(A) (Title II), 1382c(a)(3)(A) (Title XVI); 20 C.F.R. §§ 404.1505(a), 416.905(a); Barnhart v. Walton, 535 U.S. 212, 214 (2002); Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim. *See* "Evaluation of disability in general," 20 C.F.R. §§ 404.1520, 416.920. In summary, the evaluation proceeds as follows:

1) Is the claimant engaged in substantial gainful activity?

2) Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?

3) Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?

4) Does the claimant have the residual functional capacity to return to his or her past relevant work?

5) Does the claimant's residual functional capacity, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

Here, the ALJ denied Plaintiff's claim at the fifth step.

Challenge to Finding Nos. 4 and 5

Plaintiff argues that Finding Nos. 4 and 5 are not supported by substantial evidence because the ALJ failed to follow 20 C.F.R. § 404.1527, Social Security Ruling 96-2p, and related case law when he assigned weight to the opinion evidence regarding her mental impairments (DN 16 PageID # 897-98; DN 16-1. PageID # 905-09). Specifically, Plaintiff is referring to the opinions

of her treating psychiatrist Rogelio Silva, M.D.; her counselor Laura A. Young, M.S.S.W., C.S.W.; the consultative psychological examiner Marcy Walpert, M.A. L.P.P.; and the non-examining state agency psychological consultants Dan Vandivier, Ph.D., and Laura Cutler, Ph.D. (Id.). Plaintiff accuses the ALJ of failing to apply the appropriate factors and articulate good reasons for his assignment of weight to these opinions (Id.). Plaintiff points out that Drs. Vandivier and Cutler rendered their opinions without having the opportunity to review more recent substantive treatment records (Id.).

Defendant reminds the Court that the new regulation at 20 C.F.R. § 404.1520c applies to the ALJ's evaluation of the medical opinions instead of the old regulation at 20 C.F.R. § 404.1527, because Plaintiff filed her application after March 27, 2017 (DN 21 PageID # 931-45). Consistent with § 404.1520c the ALJ explicitly discussed supportability and consistency which are the most important factors in determining the persuasiveness of each medical source's opinion (Id.). Therefore, Defendant asserts that the ALJ's evaluation of the opinion evidence complied with applicable law and is supported by substantial evidence (Id.). Defendant asserts the ALJ reasonably concluded the record evidence supported a finding that Plaintiff had some mental limitations but did not support and was inconsistent with the marked limitations opined by Dr. Silva and Ms. Young (Id.).[3] Defendant contends that the ALJ reasonably evaluated the opinion of consultative psychological examiner Ms. Walpert and the opinions of the non-examining State agency psychologists Drs. Vandivier and Cutler (Id.).

---

3 Defendant points out that the ALJ explained Dr. Silva's opinion lacked any persuasive value because the clinical findings did not support the doctor's conclusory opinion, and the opinion was inconsistent with Plaintiff's activities of daily living, the two-year gap in treatment, her lack of psychiatric hospitalizations, her work history, her training service animals, and serving as a president of a nonprofit organization (DN 21 PageID # 935-36).

2. Discussion

Plaintiff's challenge to Finding Nos. 4 and 5 asks the Court to determine that the ALJ failed to follow 20 C.F.R. § 404.1527, Social Security Ruling 96-2p, and related case law when he assigned weight to the medical opinions addressing Plaintiff's mental impairments. But Plaintiff's argument is gravely flawed because she filed her application after March 27, 2017 (Tr. 11, 479). For applications filed on or after that date a new regulation applies to how administrative law judges will consider medical opinions. *See* 20 C.F.R. §§ 404.1520c and 404.1527. Further, the Social Security Administration rescinded SSR 96-2p effective March 27, 2017. https://www.ssa.gov/OP_Home/rulings/di/01/SSR96-02-di-01.html

The new regulation explicitly indicates "[w]e will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s)" in the record, even if it comes from a treating medical source. 20 C.F.R. § 404.1520c(a).[4] Instead, administrative law judges will now evaluate the "persuasiveness" of medical opinions by utilizing the five factors listed in paragraphs (c)(1) through (c)(5) of the regulation. 20 C.F.R. §§ 404.1520c(a) and (b). The five factors are supportability, consistency, relationship with the claimant, specialization, and other factors. 20 C.F.R. § 404.1520c(c)(1)-(5).[5] Of these five factors, the two most important are supportability and consistency. 20 C.F.R. §§ 404.1520c(a) and (b)(2). Further, the regulation requires administrative law judges to explain how they considered the supportability and

---

4 The language quoted above indicates that the new regulation has done away with the controlling weight rule in 20 C.F.R. § 404.1527(c)(2).
5 In assessing the relationship with the client, consideration should be given to the following: length of the treatment relationship, frequency of examinations, purpose of the treatment relationship, extent of the treatment relationship, and examining relationship. 20 C.F.R. § 404.1520c(c)(3)(i)-(v).

7

consistency factors in determining the persuasiveness of the medical source's opinion. 20 C.F.R. § 404.1520c(b)(2). Notably, under the regulation administrative law judges "may, but are not required to, explain how" they considered the three other factors in determining the persuasiveness of the medical source's opinion. 20 C.F.R. § 404.1520c(b)(2). Additionally, administrative law judges "must consider" medical findings of non-examining state agency medical or psychological consultants according to the new regulation. 20 C.F.R. § 404.1513a(b)(1). Although the ALJ cited 20 C.F.R. § 404.1527 in the paragraph immediately following the RFC finding (Tr. 15), his discussion regarding the opinion evidence shows that he actually applied 20 C.F.R. § 404.1520c and evaluated the persuasiveness of the medical opinions (Tr. 16-20).

Regarding Ms. Young, the ALJ provided an accurate summary of the records received from Silva & Associates (Tr. 16-19, 619-24, 762-803). Further, the ALJ acknowledged that in a treatment note Ms. Young indicated "she did not know how the claimant was not receiving disability, saying that she barely functioned" (Tr. 16, citing Tr. 769). The ALJ explained that he did not find Ms. Young's statements to have any persuasive value because they were inconsistent with the Silva & Associates treatment notes which showed Plaintiff training service dogs and spending time with her family (Tr. 16). The ALJ further explained that the record showed a significant gap in Plaintiff's mental health treatment from the time she left the Navy in 2014 and the time she began receiving treatment in 2016 (Id.). In sum, the ALJ's assessment comported with applicable law because he explained how he considered the supportability, consistency, and

other factors[6] in determining the persuasiveness of Ms. Young's statements regarding Plaintiff. Further, the ALJs findings are supported by substantial evidence in the record.

Marci Walpert, M.A., performed a consultative psychological examination of Plaintiff on March 7, 2018 (Tr. 607-11). The ALJ accurately summarized the substance of the report prepared by Ms. Walpert (Tr. 16-17). The ALJ noted that Ms. Walpert opined Plaintiff can perform simple and repetitive tasks during the mental status examination, but her symptoms were causing marked impairment in her ability to tolerate the stress and pressure of daily employment, marked impairment in her capacity to respond appropriately to coworkers, and significant impairment in social and daily living tasks (Tr. 17). The ALJ then commented as follows:

> The undersigned finds that the mental status examination showing good reasoning skills, good fund of knowledge, and good judgment support Ms. Walpert's statements regarding the claimant's ability to perform simple, repetitive tasks and understand instructions. However, the evidence does not support Ms. Walpert's assertion that the claimant would have marked impairments in withstanding stress and responding appropriately to coworkers. This is inconsistent with the overall record showing the claimant maintaining relatively steady employment since leaving the Navy. As the evidence does not support Ms. Walpert's opinion and as it is inconsistent with the overall record, the undersigned does not find it to be persuasive.

(Tr. 17). In sum, the ALJ's assessment comported with applicable law because he explained how he considered the supportability, consistency, and other factors in determining the persuasiveness of Ms. Walpert's opinions regarding Plaintiff. Further, the ALJs findings are supported by substantial evidence in the record.

---

6 Pursuant to the regulation administrative law judges "will consider other factors that tend to support or contradict a medical opinion . . ." 20 C.F.R. § 404.1520c(c)(5).

Dr. Silva filled out two mental disability assessment forms on October 26, 2018 (Tr. 806-07, 808-09). The first assessment addresses anxiety related disorders and the second concerns affective disorders (Id.). The ALJ provided a thorough and accurate summary of the medical records received from Dr. Silva's office (Tr. 16-19, 619-24, 762-803). The ALJ then provided the following persuasiveness evaluation:

> As for the opinion evidence, at 10F, Dr. Silva opined that the claimant had extreme, listing-level limitations and concluded that she would be unable to sustain work on an ongoing basis. Dr. Silva provides no clinical findings or observations to support his conclusions. He merely checks boxes for the prior criteria of listings 12.06. However, the examination findings of record show few abnormalities and a significant gap in treatment for two years following the claimant's discharge from the Navy. The claimant has no psychiatric hospitalizations and worked steadily until she began receiving her VA pension. She worked as a security guard and trained service animals. She appears to have served as the president of a nonprofit organization. As the clinical findings do not support Dr. Silva's conclusory opinion and as the opinion is inconsistent with the activities of daily living and overall record, the undersigned finds that this opinion lacks any persuasive value.

(Tr. 19). In sum, the ALJ's assessment comported with applicable law because he explained how he considered the supportability, consistency, and other factors in determining the persuasiveness of Dr. Silva's opinion regarding Plaintiff. Further, the ALJs findings are supported by substantial evidence in the record.

At the initial and reconsideration levels the non-examining state agency psychological consultants Drs. Vandivier and Cutler, respectively, reviewed the record and rendered medical findings regarding Plaintiff's mental impairments (Tr. 377-82, 392-97). The ALJ found these medical findings more persuasive and consistent with the overall record, particularly her years of substantial gainful activity after leaving the Navy with no medical treatment and no work-related

10

complaints (Tr. 19). Further, the ALJ recognized that these DDS consultants are policy experts who had the benefit of reviewing the bulk of Plaintiff's file before rendering their medical findings (Id.). The ALJ noted that after they rendered the opinions, additional records were submitted but those records did not show any significant decompensation, suicidal behavior, or psychotic symptoms (Tr. 19-20). For this reason, the ALJ found the DDS consultants' medical findings to be the most persuasive opinions in the record (Tr. 20). In sum, the ALJ's assessment comported with applicable law because he explained how he considered the supportability, consistency, and other factors in determining the persuasiveness of the opinions regarding Plaintiff. Further, the ALJs findings are supported by substantial evidence in the record.

In the context of assessing whether Plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms are fully consistent with the medical and other evidence in the record, the ALJ observed that during the consultative psychological examination and the administrative hearing Plaintiff indicated her significant posttraumatic stress disorder symptoms arose out of engaging in firefights with Iranian speed boats while serving in the Navy (Tr. 18-19). But the ALJ noted that Plaintiff had not described the allegedly significant events to her VA psychiatrist or to her counselor Ms. Young at Silva & Associates (Tr. 19). The fact that the VA psychiatrist and Ms. Young do not specifically mention these purportedly significant events in their treatment notes, provides substantial evidence for the ALJ's finding. Plaintiff's reliance on Ms. Young's cryptic reference to "nightmares about particular incidences" on the initial evaluation note misses the point (Tr. 803). Ms. Young's notes memorializing the counseling sessions do not indicate Plaintiff discussed firefights with Iranian speed boats while serving in the Navy and their impact on her PTSD (Tr. 619-24, 762-803).

11

In sum, the Court concludes there is no merit to Plaintiff's challenge to Finding Nos. 4 and 5. The ALJ's evaluations of the persuasiveness of each opinion comports with applicable law and is supported by substantial evidence in the record.

Challenge to Finding Nos. 9, 10, and 11

Plaintiff contends that Finding Nos. 9, 10, and 11 are not supported by substantial evidence (DN 16 PageID # 897-98). However, Plaintiff has not provided a developed argument in support of her position (*see* DN16-1 PageID # 899-909). It is well-established that "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." United States v. Layne, 192 F.3d 556, 566 (6th Cir.1999) (quoting McPherson v. Kelsey, 125 F.3d 989, 995-96 (6th Cir.1997)); *see also* Brindley v. McCullen, 61 F.3d 507, 509 (6th Cir.1995) (observing that "[w]e consider issues not fully developed and argued to be waived."); Rice v. Comm'r of Soc. Sec., 2006 WL 463859, at *2 (6th Cir. 2006) (unpublished opinion). Therefore, the Court deems Plaintiff's challenge to Finding Nos. 9, 10 and 11 waived.

ORDER

**IT IS HEREBY ORDERED** that the final decision of the Commissioner is **AFFIRMED**.

**IT IS FURTHER ORDERED** that judgment is **GRANTED** for the Commissioner.

March 9, 2020

**H. Brent Brennenstuhl**
**United States Magistrate Judge**

Copies: Counsel